Mark C. Tatum (SBN: 295457)
mtatum@shb.com
Sean B. Cooney (SBN: 286397)
scooney@shb.com
SHOOK, HARDY & BACON L.L.P.
5 Park Plaza, Suite 1600
Irvine, CA 92614-2546
Telephone: (949) 475-1500
Facsimile: (949) 475-0016

Attorneys for Defendant
Layne Christensen Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBA, an individual, | Case No. 2:18-cv-473 |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| LAYNE CHRISTENSEN COMPANY, a corporation, and DOES 1 through 100, inclusive, | |
| Defendants. | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant LAYNE CHRISTENSEN COMPANY ("Layne"), through counsel, removes the above-referenced case from the State of California's Los Angeles County Superior Court to the United States District Court for the Central District of California, Western Division.

### REMOVAL IS TIMELY

1.  On December 20, 2017, an action entitled JOSE ALBA v. LAYNE CHRISTENSEN COMPANY was filed in the Superior Court for the County of Los Angeles, Case No. BC687835. A true and correct copy of the Complaint is attached as Exhibit A to this Notice of Removal.

2. According to the Complaint, Plaintiff was hired by Layne on or about August 6, 2004. (Compl., ¶ 7.) Plaintiff alleges that be was continually employed by Layne until he was terminated on or about March 20, 2017. (*Id.*) Plaintiff alleges that he requested and obtained time off at various periods of time between 2014 and 2016. (*Id.*, ¶¶ 10- 18.) Plaintiff alleges that he received this time off, in part, pursuant to the California Family Rights Act ("CFRA") and the Family Medical Leave Act ("FMLA"). (*Id.*) Plaintiff further contends that he faced retaliation and was eventually terminated as a result of his leaves of absences under the CFRA and FMLA. (*Id.*, at 19 – 22.)

3. Plaintiff brings this wrongful termination and retaliation action, asserting nine causes of action: (1) Discriminating Based on Disability in Violation of Cal. Gov't Code §§ 12900, *et seq.*, (2) Harassment In Violation of FEHA; (3) Failure to Participate in the Interactive Process in Violation of Cal. Gov't Code §§ 12926.1(1), 12940(n); (4) Failure to Provide a Reasonable Accommodation in Violation of Cal. Gov't Code §§12940(m); (5) Retaliation for Protected Conduct in Violation of FEHA; (6) Violations of CFRA/FMLA; (7) Failure to Take Reasonable Steps to Prevent Harassment and Discrimination – FEHA; (8) Wrongful Termination in Violation of Public Policy; (9) Intentional Infliction of Emotional Distress.

4. According to the Complaint, Plaintiff seeks, among other remedies, consequential and incidental damages for past and future lost earnings and benefits, general and special damages, damages for mental and emotional distress including medical expenses, and punitive damages. (*Id.*, Prayer for Relief.)

5. Removal to this Court is proper under 28 U.S.C. §§ 1331, 1332(a), 1441(b), and 1446 because the Complaint raises a substantial and disputed question of Federal law and complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2

NOTICE OF REMOVAL

459980 V2

6.    Under 28 U.S.C. § 1446(b), the notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. To trigger the 30-day removal period, the defendant must receive the summons and complaint by proper service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Layne was served with the Complaint on December 22, 2017. The deadline to remove Plaintiff's action is January 21, 2018, making this removal timely.

## JURISDICTION AND VENUE

7.    This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 (Federal Question) and 1332 (Diversity), and this action is removable under 28 U.S.C. §§ 1441 and 1446, based on the grounds that:

    a.    Plaintiff's Complaint raises a substantial and disputed question of Federal law (The Family and Medical Leave Act of 1993, 29 U.S.C. § § 2601, *et seq.*); and

    b.    Layne is a Delaware corporation with its principal place of business in The Woodlands, Texas, and thus is not a citizen of California;

    c.    No other properly joined defendant is a citizen of California

    d.    Plaintiff is a citizen of California, residing in Temple City; and

    e.    The amount in controversy based on the allegations placed at issue in the Complaint exceeds $75,000.

8.    Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446, because this action was pending in Los Angeles County Superior Court.

# THIS CASE IS REMOVABLE UNDER FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

9. This action is removable under 28 U.S.C. §§ 1331 and 1367. Plaintiff's claims against Layne are removable because they raise a substantial and disputed question of federal law. In addition, all remaining claims are removable subject to the Court's supplemental jurisdiction.

### A. Plaintiff's Claims Against Layne Are Removable Because They Raise Substantial Issues of Federal Law.

10. This Court has federal jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's claims require resolution of issues premised on the application of federal law, specifically the Family and Medical Leave Act of 1993, 29 U.S.C. § § 2601, *et seq.* Accordingly, federal issues are actually in dispute, the federal issues are substantial, and the exercise of jurisdiction by this Court is consistent with congressional judgment about the sound division of labor between the state and federal courts. *See e.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that federal question jurisdiction exists notwithstanding the fact that Congress did not provide a private right of action in the federal statute forming the basis of the substantial federal question).

11. Plaintiff's Complaint raises a substantial federal question because it alleges that Layne actually or constructively terminated Plaintiff in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* (Compl. ¶¶ 80-98.)

### B. Supplemental Jurisdiction Extends to All Other Claims.

12. This Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As set forth above, Plaintiff's claim of violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* against Layne

is within the Court's original jurisdiction pursuant to 28 U.S.C. § 1331. All other claims in this action arise out of the same case or controversy in that they seek relief in connection with economic injuries allegedly due to Layne's wrongful termination and/or retaliation against Plaintiff.

13. Accordingly, there is supplemental jurisdiction over all other claims in this action.

## THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

14. The Court has original jurisdiction over this lawsuit under 28 U.S.C. § 1332, and this diversity action is removable to this Court under 28 U.S.C. §§ 1441 and 1446. Suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The amount in controversy exceeds $75,000. *Id.* § 1332(a).

### A. Complete Diversity of Citizenship Exists Between Plaintiff And Layne

15. The Court has original jurisdiction over this lawsuit under 28 U.S.C. § 1332, and this diversity action is removable to this Court under 28 U.S.C. §§ 1441 and 1446. Suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The amount in controversy exceeds $75,000. *Id.* § 1332(a).

16. Plaintiff Jose Alba is a resident of Temple City, California. (Complaint, ¶ 1.)

17. Layne is Delaware corporation with its principal place of business in The Woodlands, Texas. (Declaration of Greg McInnis, ¶ 3.)

18. A corporation is considered a citizen of both the state under whose laws it was organized and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, Layne is a citizen of both Delaware and Texas.

19. The fictitious defendants named as Does 1 through 100, should be, and are disregarded for purposes of assessing diversity of citizenship. 28 U.S.C. § 1441(b)(1).

20. Complete diversity exists between Plaintiff and Layne.

**B.  The Amount in Controversy Exceeds $75,000**

21. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

22. A defendant may utilize the allegations in the complaint to establish the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (*citing Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)); *Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Alternatively, a defendant may also set forth facts in its notice of removal that demonstrate that the amount in controversy exceeds $75,000, and Layne need only establish by a preponderance of evidence that Plaintiff's claims exceed the statutory minimum. *Id.* at 376-377.

23. In determining whether the amount in controversy has been met, the Court must presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C. D. Cal. 2002).

24. While the Court assumes the facts alleged in the complaint are true for purposes of calculating the amount in controversy, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal.

2005). This is particularly important here, where Layne maintains that Plaintiff's Complaint lacks merit because Layne does not owe Plaintiff anything.

25. Plaintiff seeks, among other remedies, consequential and incidental damages for past and future lost earnings and benefits, general and special damages, damages for mental and emotional distress, and punitive damages. (*Id.*, Prayer for Relief.) Plaintiff's salary with Layne prior to termination was $ 20.00 per hour. (Compl., ¶ 7.)

26. The Complaint alleges "Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory damages…" (Compl. ¶¶ 34, 45, 55, 64, 75, 93, 108, 118, 129.) The complaint further alleges that Plaintiff suffered "physical and mental injuries," "humiliation, mental and physical distress, anxiety, nervousness and has been generally damage[d]." (Compl., ¶¶ 35-37, 46-48, 56-58, 65-68, 76-78, 94-96, 109-111, 119-121, 130-132.)

### a. Plaintiff Seeks Economic Damages of Approximately $33,600

27. Assuming, *arguendo,* that Plaintiff can recover damages for lost wages, approximately 42 weeks has elapsed from Plaintiff's termination on March 20, 2017 to the date of this removal. At $20 an hour, at 40 hours a week, Plaintiff's weekly salary was $800.[1] Over a period of 42 weeks, Plaintiff's lost wages total $33,600 at the time of removal.

### b. Plaintiff Seeks Damages for Emotional Distress, Punitive Damages, and Attorneys' Fees in Excess of $75,000

28. In addition, Plaintiff seeks damages for emotional distress resulting from Layne's purported conduct, punitive damages, and attorneys' fees. (Compl., ¶¶ 35-39, 46-50, 56-59, 65-69, 76-79, 94-98, 109-113, 119-123, 130-134.)

29. The Court may take into consideration Plaintiff's allegations for such non-economic damages and attorneys' fees to establish the jurisdictional minimum.

---

[1] Plaintiff alleges he worked approximately forty hours per week, with occasional overtime and traveling. (Compl., ¶ 7.)

*Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages.").

30. Although there is no precise measure for emotional damages under California law, a plaintiff is entitled to recover a "reasonable amount" for "suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame' that a plaintiff has suffered and is 'reasonably certain to suffer' in the future." *California Practice Guide: Employment Litigation,* § 17:350, *Rutter Group* (2016) (citing Judicial Council of California Civil Jury Instruction 1604, 3905A).

31. To establish emotional distress damages, Layne may introduce evidence of jury verdicts and settlements in cases involving analogous facts. *Cain v. Hartford Life & Acc. Ins. Co.,* 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) ("Cain seeks to recover emotional distress from Hartford, which must be considered in this [amount in controversy] analysis.") Although Layne disputes Plaintiff is entitled to an award for emotional distress damages as a result of Layne's alleged conduct, awards to plaintiffs for such damages in employment cases "may be substantial," easily in excess of the jurisdictional minimum for such damages. *Simmons,* 209 F. Supp. 2d at 1039 (relying in part on an award of pain and suffering for $3.5 million); *see, e.g., Gardenhire v. Housing Authority of the City of Los Angeles,* 85 Cal.App.4th 236, 240-41 (2002) (affirming judgment for plaintiff, including a jury award of $1.3 million in emotional distress damages for wrongful termination in violation of plaintiff's public policy claim); *Iwekaogwu v. City of Los Angeles,* 75 Cal.App.4th 803, 821 (1999) (affirming $450,000 award for emotional distress based on discrimination and retaliation claims); *Swinton v. Potomac Corp.,* 270 F.3d 794 (9th Cir. 2001), cert. denied, 535 U.S. 1018 (2002) (jury awarded plaintiff $30,000 for emotional distress).

32. Further, Plaintiff seeks recovery for punitive damages. (Compl., ¶¶ 39, 50, 69, 79, 98, 113, 123, 134; Prayer for Relief.) For the purpose of analyzing an

1  amount in controversy, punitive damages may be included. *See Gibson v. Chrysler*
2  *Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mut. Benefit Health and*
3  *Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). Punitive damages must bear a
4  "reasonable relationship" to actual damages. *BMW, Inc. v. Gore, 517* U.S. 559 (1996).
5  The U.S. Supreme Court has found that punitive damages of four times the amount of
6  actual damages, while "close to the line" of being excessive, were still constitutional.
7  *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 22 (1991).  Applying the Court's
8  analysis in *Pacific*, Plaintiff's punitive damage claim could be well over $134,400.

9      33.  Finally, attorney's fees are considered part of the amount in controversy
10 when authorized by the underlying statute.  *Galt G/S v. JSS Scandinavia*, 142 F.3d
11 1150, 1155-56 (9th Cir. 1998).  Plaintiff alleges violations of California Government
12 Code Section 12940 and California law authorizes reasonable attorney's fees to a
13 prevailing party in such actions.  Cal. Gov. Code § 12965(b).  Therefore, plaintiff's
14 attorneys' fees may be considered part of the amount in controversy. *See Frey v.*
15 *Coventry Health Care Workers Comp., Inc.*, No. CV 12-07106 DDP, 2012 U.S. Dist.
16 LEXIS 161277, at *4 (C.D. Cal. Nov. 8, 2012) (in case alleging violation of
17 California Government Code Section 12940, attorneys' fees may be considered as part
18 of the amount in controversy). If even one of Plaintiff's FEHA causes of actions is
19 litigated through trial, Plaintiff's attorneys' fees alone would exceed $75,000.

20     34.  Here, the amount of economic damages alleged in the Complaint for lost
21 wages is approximately $33,600.  Punitive damages on such a claim could easily
22 exceed $134,400, with attorneys' fees alone exceeding the jurisdictional minimum of
23 $75,000.   In addition, Plaintiff's emotional distress claim, while admittedly
24 speculative, could be "substantial." *Simmons*, 209 F. Supp. 2d at 1039 ("Nonetheless,
25 *Lane* indicates that emotional distress damages in a successful employment
26 discrimination case may be substantial.")  Accordingly, when Plaintiff's alleged

NOTICE OF REMOVAL

459980 V2

compensatory, punitive, emotional distress damages and Plaintiff's fees recovery are viewed in combination, the jurisdictional minimum is clearly satisfied.

35. While Layne maintains that Plaintiff's Complaint lacks merit and that no money is owed to Plaintiff, the amount in controversy exceeds $75,000.00.

## **REMOVAL IS PROPER**

As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants have been properly joined and served must join in or sent to the removal of the action." No other defendant must join in or consent to this removal as Layne is the only properly served defendant.

As required by 28 U.S.C. § 1446(a), attached are copies of all process, pleadings, and orders in this action that are in the possession of Layne. A true and correct of Jose Alba's Summons, Complaint, Civil Cover Sheet and addendum, Notice of Case Assignment, and General Order are attached hereto as Exhibit A. This constitutes all process, pleadings and orders received to date in this matter by Layne. 28 U.S.C. § 1446(a).

As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Layne concurrently filed its Certificate of Interested Parties and Corporate Disclosure Statement.

459980 V2

     Pursuant to 28 U.S.C. § 1446(d), Layne is filing a copy of this Notice of Removal with the clerk of the Superior Court of California, County of Los Angeles and providing written notice of the removal of this action to Plaintiff.

January 18, 2018          Respectfully Submitted

                            SHOOK, HARDY & BACON L.L.P.

                            By:     */s/ Sean B. Cooney*
                                  Mark C. Tatum
                                  Sean B. Cooney
                                  Attorneys for Defendant
                                  Layne Christensen Company